**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 23-1708**

───────────

ISLAND CREEK COAL COMPANY,

        Petitioner,

    v.

CURTIS M. OSBORNE; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

        Respondents.

───────────

On Petition for Review of an Order of the Benefits Review Board.  (21-0611 BLA)

───────────

Submitted:  March 27, 2025               Decided:  May 15, 2025

───────────

Before THACKER and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────

Petition denied by unpublished per curiam opinion.

───────────

**ON BRIEF:**  John R. Sigmond, Jason A. Mullins, PENN, STUART & ESKRIDGE, Bristol, Tennessee, for Petitioner.  Brad A. Austin, WOLFE WILLIAMS & REYNOLDS, Norton, Virginia, for Respondent Curtis M. Osborne.  David Casserly, Amanda Torres, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Federal Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Island Creek Coal Company ("Employer") petitions for review of the Benefits Review Board's ("Board") decision and order affirming the administrative law judge's (ALJ) award of miner's benefits to Curtis M. Osborne under the Black Lung Benefits Act, 30 U.S.C. §§ 901-944. Employer challenges the ALJ's finding that Osborne suffers from a totally disabling respiratory or pulmonary impairment. We deny the petition.

"We review the findings of the ALJ, as affirmed by the Board, to determine if they are supported by substantial evidence and in accordance with the law." *Am. Energy, LLC v. Dir., Off. of Workers' Comp. Programs*, 106 F.4th 319, 330 (4th Cir. 2024) (alterations and internal quotation marks omitted); *see W. Va. CWP Fund v. Dir., Off. of Workers' Comp. Programs*, 880 F.3d 691, 697 (4th Cir. 2018) ("Smith") ("In black lung cases, our review is highly deferential."). "To determine whether this standard has been met, we consider whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained his rationale in crediting certain evidence." *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (internal quotation marks omitted).

But "the duty to resolve conflicts in the evidence rests with the ALJ as factfinder. And when conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled or has pneumoconiosis, the responsibility for that decision falls on the ALJ." *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 252 (4th Cir. 2016). Accordingly, in conducting our analysis, "we do not undertake to reweigh contradictory medical evidence, make credibility determinations, or substitute our judgment for that [of the ALJ]." *Id.* Indeed, "[s]o long as an ALJ's findings . . . are supported by substantial evidence, they

2

must be sustained." *Epling*, 783 F.3d at 504. "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Addison*, 831 F.3d at 252 (internal quotation marks omitted).

Nevertheless, "our deference to an ALJ's factual findings is not unlimited," as the "ALJ must still conduct an appropriate analysis of the evidence to support his conclusion." *Id.* (internal quotation marks omitted). "Thus, even if legitimate reasons exist for rejecting or crediting certain evidence, the ALJ cannot do so for no reason or for the wrong reason." *Id.* at 252-53 (alterations and internal quotation marks omitted). "Furthermore, as a condition to appellate review, an ALJ must adequately explain why he credited certain evidence and discredited other evidence." *Id.* at 253 (internal quotation marks omitted). While "this requirement is not intended to be a mandate for administrative verbosity, a reviewing court must be able to discern what the ALJ did and why he did it." *Id.* (internal quotation marks omitted).

Generally, to establish eligibility for benefits, a miner must demonstrate that: (1) "he has pneumoconiosis, in either its clinical or legal form"; (2) "the pneumoconiosis arose out of coal mine employment"; (3) "he is totally disabled by a pulmonary or respiratory impairment"; and (4) "his pneumoconiosis is a substantially contributing cause of his total disability." *W. Va. CWP Fund v. Bender*, 782 F.3d 129, 133 (4th Cir. 2015) (internal quotation marks omitted); *see* 20 C.F.R. § 725.202(d)(2) (2024). "But for certain miners, Congress has made it easier to establish eligibility for benefits." *Smith*, 880 F.3d at 695. If the miner proves that he was employed in underground coal mines or in substantially similar conditions for at least 15 years, that he has had a chest x-ray

3

interpreted as negative for complicated pneumoconiosis, and that he has a totally disabling respiratory or pulmonary impairment, he is entitled to the rebuttable presumption that he is totally disabled due to pneumoconiosis.  30 U.S.C. § 921(c)(4); 20 C.F.R. § 718.305(b) (2024).

Here, the parties do not dispute that Osborne worked in underground coal mines or substantially similar conditions for at least 15 years.  But the parties disagree as to whether Osborne established that he is totally disabled due to a respiratory or pulmonary impairment and, therefore, is entitled to the rebuttable presumption.

"[A] miner shall be considered totally disabled if the miner has a pulmonary or respiratory impairment which, standing alone, prevents . . . the miner . . . [f]rom performing his . . . usual coal mine work" or comparable work.  20 C.F.R. § 718.204(b)(1) (2024).  "A miner's usual coal mine work has been interpreted to mean the most recent job the miner performed regularly and over a substantial period of time."  *Samons v. Nat'l Mines Corp.*, 25 F.4th 455, 459 (6th Cir. 2022) (internal quotation marks omitted).

A miner can prove a totally disabling respiratory or pulmonary impairment through: (1) qualifying pulmonary function tests; (2) qualifying arterial blood gas studies (ABG); (3) a showing that [t]he miner has pneumoconiosis" and that he "suffer[s] from cor pulmonale with right-sided congestive heart failure"; or (4) well-documented and well-reasoned physicians' opinions "conclud[ing] that [the] miner's respiratory or pulmonary condition prevents . . . the miner from engaging in" his last mining job or comparable work.  20 C.F.R. § 718.204(b)(2) (2024).  A "miner can establish total disability upon a mere showing of evidence that satisfies any one of the four alternative methods, but only

4

in the absence of contrary probative evidence." *Lane v. Union Carbide Corp.*, 105 F.3d 166, 171 (4th Cir. 1997) (alteration and internal quotation marks omitted). "If contrary evidence does exist, the ALJ must assign the contrary evidence appropriate weight and determine whether it outweighs the evidence that supports a finding of total disability." *Id.*

Like the Board, we find no merit to Employer's argument that the ALJ did not hold Osborne to his burden of establishing total disability. To the contrary, the ALJ concluded that Osborne met his burden through the well-reasoned and well-documented opinion of Dr. Michael Green. *See Island Creek Coal Co. v. Maynard*, 87 F.4th 802, 811 (6th Cir. 2023) (defining well-reasoned and well-documented). And we find no merit to Employer's argument that Dr. Green's opinion was not well-reasoned or well-documented simply because he did not have the opportunity to review the ABG performed by Dr. Roger McSharry.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*